The Commonwealth of Pennsylvania ex rel. James Kos-
tenbader, Edwin Mixsell and Samuel Kessler, Directors
of the Poor and of the House of Employment for the
County of Northampton, *v.* William Coyle, Preston H.
Riegel and William Reagel, Commissioners of North-
ampton County, Appellants.

*Poor law—Poor directors of Northampton county—County commissioners
—Act of March* 11, 1837.

Under the local Act of March 11, 1837, P. L. 45, "providing for the
erection of a house for the employment and support of the poor of the
county of Northampton," etc., and its supplements, the poor directors
of Northampton county have the sole right to fix and determine the annual
amount that will be required for the support and maintenance of the poor,
and their action in the exercise of this power cannot be reviewed or con-
trolled by the county commissioners. The duty of the latter is simply
ministerial, and extends merely to the assessment and the collection of the
amount determined upon by the poor directors, and the payment of it when
collected, to said directors.

Argued March 9, 1898. Appeal, No. 23, Jan. T., 1898, by
defendants, from judgment of C. P. Northampton Co., Jan. T.,
1898, No. 23, on case stated. Before GREEN, WILLIAMS, MC-
COLLUM, MITCHELL and DEAN, JJ. Affirmed.

Case stated to determine whether county commissioners should
draw warrants for an amount demanded by the directors of the
poor.

The case stated was as follows :

And now, December 4, 1897, it is hereby agreed by and between
the parties to the above suit that the following case be stated
for the opinion of the court in the nature of a special verdict
with the same force and effect as if a petition for a writ of man-
damus had been duly presented by said plaintiffs against said de-
fendants, and a writ of alternative mandamus regularly granted,
issued and returned served.

The said relators are the directors of the poor and of the house
of employment for said county, duly elected and qualified and
acting as such at this time and since January, 1897, under the

provisions of an act of assembly of said commonwealth, entitled " An act to provide for the erection of a house for the employment of and support of the poor in the county of Northampton and for other purposes," approved March 11, 1837, P. L. 45, which act with the several supplements thereto are to be considered as part of this case stated.

Section 5 of this act provides as follows, viz : " It shall be the duty of said directors on or before the first day of November in each and every year, to furnish the commissioners of said county with an estimate of the probable expense of the poor and the poorhouse for one year, and it shall be the duty of said commissioners to assess and cause to be collected the amount of said estimate, which shall be paid to said directors by the county treasurer, on warrants drawn in their favor by the county commissioners, as the same may be found necessary, and the said directors shall, at least once in every year, render an account of all moneys by them received and expended, to the auditors appointed to audit and settle the county accounts, subject to the same penalties, rules and regulations as are by law directed respecting the accounts of the county commissioners, and shall at least once in every year, lay before the court of quarter sessions and grand jury of said county, a list of the number, ages, and sex of the persons maintained and employed in the said house of employment, or supported or assisted by them elsewhere, and of the children by them bound out to apprenticeship as aforesaid, with the names of their masters or mistresses, and their trade, occupation or calling, and shall, at all times when thereunto required, submit to the inspection and free examination of such visitors as shall, from time to time, be appointed by the court of quarter sessions of the said county, all their books and accounts, together with the rents, interests and moneys payable and receivable by the said corporation, and also an account of all sales, purchases, donations, devises and bequests as shall have been made by or to them."

In pursuance of the provisions of said act, the said directors of the poor, before the first day of November, A. D. 1896, furnished the commissioners of said county with an estimate of the probable expense of the poor and the poorhouse for one year and the said commissioners assessed and caused to be collected the amount of said estimate.

The said defendants are the county commissioners of said county and in the months of June and October, 1897, the said directors of the poor in due and proper form and manner, drew and presented to said commissioners two orders in their favor, each for the payment of $1,500, which amounts were within their said estimate, and were necessary in their opinion to meet the due and proper expenses of the poor and poorhouse of said county. But the said commissioners refused and still refuse to pay said orders or draw their warrants in favor of said directors upon the county treasurer for the said amounts, or to pay the amount of said money to said directors of the poor, and the same now remains unpaid.

If the court be of the opinion on this statement of facts that the said commissioners are compelled to draw their warrants upon the county treasurer for the amounts so demanded by said directors of the poor, then judgment to be entered in favor of the plaintiffs and a peremptory writ of mandamus then to issue as directed by law.

But if the court should be of the opinion that the said commissioners are not so compellable to draw their warrants as aforesaid then judgment to be entered in favor of the defendants. Either party to be entitled to appeal from such judgment.

SCHUYLER, P. J., filed the following opinion :

It is nowhere written in the act of 1837 that the poor directors any more than the commissioners are to be the judges as to the necessity for issuing the warrants in question, but we think the fair inference is that the legislature intended that the poor directors should be the judges, because of their better opportunities for forming a correct judgment, and because such a construction seems to be more in harmony with the general tenor and spirit of the act. Besides, if the right should be vested in the commissioners, it would surely lead sooner or later to a clashing between the two bodies which it is the policy of the law to avoid. While, therefore, there is sufficient doubt on the subject to justify this submission, we think the law is against the defendants and judgment must be entered accordingly. Let a peremptory writ of mandamus issue.

*Error assigned* was in awarding a writ of peremptory mandamus.

*Edward J. Fox*, for appellants.

*H. J. Steele*, for appellees, cited Dillon on Municipal Corp. sec. 89; Cumru v. Directors of the Poor for the County of Berks, 112 Pa. 264; Com. v. Martin, 170 Pa. 118.

OPINION BY MR. JUSTICE GREEN, March 21, 1898:

The learned court below was clearly right in awarding the writ of peremptory mandamus in this case. The Act of March 11, 1837, P. L. 45, which established the directors of the poor of the county of Northampton, erected them into "one body politic corporate in law to all intents and purposes, relative to the poor of the county of Northampton." They were clothed with the right of perpetual succession, to sue and be sued, plead and be impleaded, to take and hold lands and tenements and to erect suitable buildings for the reception, use and accommodation of the poor of the county, and "to provide all things necessary for the lodging, maintenance and employment of said poor," and to appoint a treasurer, steward, matron and physician and all other necessary attendants that may be necessary "for the said poor respectively." Other powers and duties were conferred and imposed upon them essential to the proper discharge of their official functions. By the fifth section of the act it was provided as follows: "It shall be the duty of the said directors, on or before the first day of November in each and every year, to furnish the commissioners of said county with an estimate of the probable expense of the poor and poorhouse for one year, and it shall be the duty of the said commissioners to assess and cause to be collected the amount of said estimate which shall be paid to said directors by the county treasurer on warrants drawn in their favor by the county commissioners as the same may be found necessary."

It is very apparent that the entire business of caring and providing for the poor of the county was devolved by the act upon the directors of the poor, and it follows hence that they, and they alone, were required by the positive terms of the law, as well as by the plain necessities of the case, to fix and determine the annual amount that would be required for the support and maintenance of the poor. It would be impossible for the commissioners of the county to discharge this duty, for the simple

reason that they do not possess any powers or qualifications necessary for that purpose, and the argument that they should be the judges of the necessity for the issuing of the warrants for the payment of the moneys required by the directors of the poor is entirely untenable. It has no foundation upon which to rest. Moreover, the plain meaning of the act is that the directors must determine the amount of the annual requirement and furnish it to the commissioners. It is equally clear that the act, thereupon, requires the commissioners to assess and collect the amount and pay it to the directors by means of warrants drawn on the county treasurer for that purpose. No discretion whatever is conferred upon the commissioners to review the action of the directors. Their duty is simply ministerial, and in no sense judicial. They must collect the money by assessment and taxation as part of the county levy, and when collected they have no right in it or control over it. The argument that the directors might arbitrarily demand excessive sums and therefore abuse their powers is without merit. They have no right under the law to exact any sums more than are necessary for the purpose indicated, and would be at once responsible for an abuse of their powers if they attempted to do so. Extended argument is unnecessary as the question at issue is very plain. In construing a similar act for the county of Berks, in the case of Township of Cumru v. Directors of the Poor for the County of Berks, 112 Pa. 264, we said, GORDON, J., "It certainly does not matter that the money used for the purchase of the land and the erection of the buildings was raised by assessment made by the county commissioners, for the money thus raised was intended for the use of the poor district, and the municipality known as Berks county has no interest in or control over it. That the taxes were to be assessed and collected by the county officers did not make the money thus raised any more the property of the county than does the assessment and collection of state taxes, by the same instrumentality, invest the county with the right thereto. In the one case these officers are trustees for the poor district, and in the other for the state."

We see no error in the ruling of the learned court below and therefore sustain the decree.

Judgment affirmed and appeal dismissed at the cost of the appellants.