## Melvin, Appellant, v. Summerville.

*Poor laws—Poorhouse—Acts of April 4, 1870, P. L. 834; June 4, 1879, P. L. 78 and April 19, 1895, P. L. 38.*

Neither the local Act of April 4, 1870, P. L. 834 nor the general Act of April 19, 1895, P. L. 38, apply to the erection of a poorhouse on a contract made for the Clarion county poor district by the county commissioners under the general Act of June 4, 1879, P. L. 78.

Under the Act of June 4, 1879, P. L. 78, the poor district, although coterminous with the county, is a separate quasi municipal corporation, and it acts through county officers merely for convenience of administration.

Argued Oct. 11, 1904. Appeal, No. 164, Oct. T., 1904, by plaintiff from decree of C. P. Clarion Co., Feb. T., 1904, No. 1, on bill in equity in case of P. H. Melvin v. J. A. Summerville et al., Commissioners of Clarion County. Before MITCHELL, C. J., DEAN, FELL, BROWN, POTTER and THOMPSON, JJ. Affirmed.

Bill in equity to restrain the erection of a poorhouse under a contract not approved by the court of common pleas as required by the act of April 19, 1895.

WILSON, P. J., found the facts to be as follows:

Under the provisions of the Act of June 4, 1879, P. L. 78, a petition and recommendation signed by a majority of the overseers of the poor then in office in the county of Clarion was presented to the court of quarter sessions praying for the purchase of real estate and the erection of a poorhouse. A submission of this question to an election resulted in a majority of the qualified electors of the poor district of Clarion county voting in favor of a poorhouse to be erected in the county of Clarion. In pursuance of this the county commissioners selected and purchased a farm in Piney township, employed an architect to draw plans and specifications for a poorhouse, and after due advertisement and opening of the competitive bids on November 3, 1903, awarded the contract for the erection of the

poorhouse on said farm to William Zortman at the price of $69,950, which was the lowest and best bid, who forthwith complied with the terms of said bid, furnished a bond and entered into a contract with the commissioners of the county of Clarion, acting for the Clarion county poor district, for the erection and completion of said buildings, and immediately commenced work thereon, entering into contracts with various parties for the purchase of materials necessary for the completion of the same and went to large expense and incurred legal responsibility to large amounts by reason of said contract.

The county commissioners did not copy the specifications for said poorhouse in a book kept by them for that purpose, or keep said book open for the inspection of all persons for at least four weeks prior to the time specified in their advertisement for the opening of the bids, although the specifications and plans were on file in the commissioners office from October 7, 1903 ; the commissioners did not submit to the judge of the court of common pleas of Clarion county, for the approval of the same, either the said location, plans and specifications or the aforesaid contract and bond of Mr. William Zortman.

The court dismissed the bill.

*Error assigned* was the decree of the court.

Don C. Corbett and *J. T. Maffett,* with them *G. G. Sloan* and *A. A. Geary,* for appellant, cited : Brown v. County Commissioners, 21 Pa. 37 ; Malloy v. Com., 115 Pa. 25 ; Rose v. Beaver Co., 20 Pa. Superior Ct. 110 ; Shaefer v. Commissioners of Schuylkill County, 19 Pa. C. C. Rep. 508.

J. S. Shirley and *W. A. Hindman,* with them *F. J. Maffett* and *H. M. Rimer,* for appellee, relied on the same cases.

OPINION BY MR. CHIEF JUSTICE MITCHELL, Nov. 4, 1904 :

The question in this case is thus concisely stated by the learned judge below, does either the local Act of April 4, 1870, P. L. 834, or the general Act of April 19, 1895, P. L. 38, apply to the erection of a poorhouse on a contract made for the Clarion county poor district by the county commissioners under the general Act of June 4, 1879, P. L. 78.

In Com. ex. rel. v. Brown, 210 Pa. 29, it is held that the act of 1870 is not repealed by the act of 1895, and we have now to consider whether either of them applies to and controls the act of 1879.

The act of 1879 is entitled " an act to create poor districts and to authorize purchase of lands and erection of buildings to furnish relief and give employment to the destitute, poor and paupers in this commonwealth." It provides an elaborate and complete system of poor law to carry out the objects set forth in the title. Its principal feature is the creation of a general plan of poor districts, to acquire and hold title to real estate and to manage the district affairs relating to the poor. The boundaries of the districts are made generally coterminous with the counties in which they are situated, but not universally so, for section 20 provides that when any county embraces within its limits an incorporated city, the city and its territory shall not be included in the district. The district is a separate quasi municipal corporation with special and limited powers and it is manifest that it is made generally coterminous with the county and to act through county officers merely for convenience of administration. Other examples of the same kind will be found in boroughs or townships coterminous with their respective school districts, townships and township poor districts, and other such districts excepted from the operation of the act, and one notable instance in the case of the city and county of Philadelphia, which though coterminous have their separate municipal powers and public officers.

The act requires that the title to the real estate purchased under its provisions shall be taken in the name of the poor district, the bonds, etc., for the purchase money shall be payable by the district, taxes both for the building of the poorhouses and their maintenance shall be separately assessed, levied and collected, and separate accounts shall be kept of all such moneys by the county commissioners. All these are indicia of separate corporate existence : Township of Cumru v. Directors of Poor, 112 Pa. 264 ; Com. ex rel. v. Coyle, 185 Pa. 198.

It is true that the county commissioners and the county treasurer are ex officio made the officers through whom the district acts, but they are none the less district officers and

not county officers while so acting. The treasurer is to have a specific compensation for his services under the act, and the commissioners are entitled " to charge in their account as compensation the same rate per day for time necessarily employed about the business that they are entitled to receive as county commissioners."

The act of 1895 is entitled " An act to regulate the erection of county buildings " and specifically refers to court houses, jails and " other county buildings." A poorhouse under the act of 1879 is not erected, owned or maintained by the county, but, as already discussed, by the poor district, a separate corporation, and therefore is not a county building within the act of . 1895 which cannot have any operation toward the repeal of the act of 1879.

The act of 1870 is entitled " an Act relative to contracts by County Commissioners," etc., and the same considerations already discussed, that under the act of 1879 the county commissioners while acting in relation to the poor district are district and not county officers, show that the act of 1879 cannot be affected by the prior act of 1870, which though naming them does so wholly in their county capacity.

Even if this were much less clear than it is and the commissioners could be regarded as county officers the provisions of the acts of 1870 and 1879 would negative any inference of a legislative intent that the later should be subordinated to the earlier act. The act of 1870 only requires the commissioners before making any contract for the erection of a new building, etc., to advertise for proposals, keep the specifications open for examination, and award the contract after approval by one of the judges of the common pleas. The act of 1879 provides that the commissioners shall not move until, on petition by two thirds of the overseers of the poor in the district, the court of quarter sessions has submitted the question of purchase to the qualified electors and a majority of such electors have approved the project. It cannot be supposed that the legislature intended that. after such a reference of the matter to the people of the district themselves, their decision should be subject to be nullified by the failure of a judge of the common pleas to approve the contract to carry it out.

Judgment affirmed.