# Nissley, Appellant, *v.* Lancaster County.

*Statutes—Repeal—Implied repeal—Local laws.*

The result of the cases relating to the question of the implied repeal of local laws may be summed up as follows: First, the rule that a general statute does not repeal by implication a local act with different or inconsistent provisions, is still the prevailing rule. Secondly, but the rule being founded on a presumption of legislative intent, will not apply when a contrary intent is clearly apparent. Thirdly, where the clear general intent of the legislature is to establish a uniform and mandatory system as in the municipal classification acts the presumption must be that the local acts are intended to be repealed. Fourthly, where an act is passed to carry into effect a mandatory general provision of the constitution, the presumption must be that it was intended to repeal even local acts inconsistent with its terms.

*Public officers—Poor laws—Directors of the Poor—Compensation—Acts of February* 27, 1798, 3 *Sm. L.* 306; *March* 31, 1807, 4 *Sm. L.* 388; *April* 14, 1864, *P. L.* 422, *and July* 2, 1895, *P. L.* 424.

"The Directors of the Poor and of the House of Employment of the County of Lancaster," created by the Act of February 27, 1798, 3 Sm. L. 306, are not county officers, and their compensation as fixed by the Act of April 14, 1864, P. L. 422, is not affected or changed by the Act of July 2, 1895, P. L. 424, which fixes the salaries of county directors of the poor in counties containing over 150,000 inhabitants.

Argued Nov. 14, 1904. Appeal, No. 71, Oct. T., 1904, by plaintiff, from judgment of C. P. Lancaster Co., Sept. T. 1903, No. 55, for defendant on case stated in suit of Clayton L. Nissley v. Lancaster County. Before RICE, P. J., BEAVER,

406    NISSLEY, Appellant, *v.* LANCASTER COUNTY.

Statement of Facts—Opinion of the Court. [27 Pa. Superior Ct.

ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Case stated to determine whether the directors of the poor and of the house of employment of Lancaster county were entitled to a compensation of $2.00 per day and juror's mileage as fixed by the Act of April 14, 1864, P. L. 422, or whether they were entitled to a salary of $1,500 per year as fixed by the Act of July 2, 1895, P. L. 424, for county directors of the poor in counties containing more than 150 inhabitants.    Before LANDIS, P. J.

The court held that the Act of July 2, 1895, P. L. 424 was defective in title and unconstitutional and entered judgment for defendant.

*Error assigned* was in entering judgment for defendant.

*Cyrus G. Derr*, with him *John M. Groff* and *William E. Fisher*, for appellant, cited: McCleary v. Allegheny County, 163 Pa. 578; Com. v. Macferron, 152 Pa. 244.

*N. Franklin Hall*, county solicitor, for appellee, cited: Bell v. Allegheny County, 149 Pa. 381; Com. ex rel. v. Butler, 99 Pa. 535; Morrison v. Fayette County, 127 Pa. 110; Malloy v. Com., 115 Pa. 25; Brown v. Commissioners, 21 Pa. 37; Rymer v. Luzerne County, 142 Pa. 108; Com. v. Vetterlein, 21 Pa. Superior Ct. 587; Murdock's Petition, 149 Pa. 341.

OPINION BY RICE, P. J., March 14, 1905:

In the recent case of Commonwealth v. Brown, 210 Pa. 29, Chief Justice MITCHELL has restated the rules or principles relating to the question of the implied repeal of local laws as follows: " The result of the cases may be summed up as follows: First, the rule that a general statute does not repeal by implication a local act with different or inconsistent provisions, is still the prevailing rule.    Secondly, but the rule being founded on a presumption of legislative intent, will not apply when a contrary intent is clearly apparent.    Thirdly, where the clear general intent of the legislature is to establish a uniform and mandatory system as in the municipal classification

acts, the presumption must be that the local acts are intended to be repealed.    Fourthly, where an act is passed to carry into effect a mandatory general provision of the constitution, the presumption must be that it was intended to repeal even local acts inconsistent with its terms."

Section 5, article 14 of our constitution provides, that in counties containing over 150,000 inhabitants all county officers shall be paid by salary.    Was this mandatory general provision intended to apply to " directors of the poor and of the house of employment of the county of Lancaster," when that county came within the class thus established?    The solution of this question will aid very materially in the decision of the concrete question before us, namely, whether or not the special law fixing the compensation of those officers at " two dollars per day and jurors mileage for each and every day's necessary attendance and official service," was repealed, or the mode of compensating them was changed, by the Act of July 2, 1895, P. L. 424.

Section 1 of the same article of the constitution declares : " County officers shall consist of " certain officers, naming them—directors of the poor not being in this enumeration— " and such others as may, from time to time, be established by law."    Of course the fifth section applies to all the officers specifically designated in the first section, and to all new county offices thereafter established by the legislature.    It may also be conceded, for the purposes of this case, that it applies to an office established by a prior statute, which, though bearing a different name, is coextensive with the county, and is identical, so far as the powers and duties attached to it are concerned, with an office specifically designated in the first section.    See Taggart v. Commonwealth, 102 Pa. 354; Commonwealth v. Oellers, 140 Pa. 457.    But the office in question belongs to neither of these classes.    It was established by the special and local act of February 27, 1798, 3 Sm. L. 306, which provided that there shall be elected in the county of Lancaster, in the mode provided by the act, six reputable citizens, two each year, to be directors of the poor, and of the house of employment for the county of Lancaster, who shall be a body politic and corporate in law to all intents and purposes whatsoever relating to the poor of the county, and

shall have perpetual succession, and may sue and be sued, etc., "by the name, style and title" above given, and may use, alter and renew "one common seal in all business relating to the said corporation." They were empowered, by the corporate name above given, to take and hold any lands, etc., not exceeding the yearly value of $5,000, and any goods and chattels whatsoever of the gift, alienation or bequest of any person or persons whatsoever; to purchase, take and hold any lands and tenements within their county in fee simple, or otherwise, and erect suitable buildings thereon, for the reception, use and accommodation of the poor of their county; to provide all things necessary for the reception, lodging, maintenance and employment of the said poor; to appoint a treasurer annually, who shall give bond, with sufficient surety, for the faithful discharge of the duties of his office, and that at the expiration thereof, he will well and truly pay and deliver over to his successor all moneys, bonds, notes, books, accounts and other papers, to the said corporation belonging, which shall then be remaining in his hands, custody and possession; to employ, and at pleasure remove, a steward or stewards, matron or matrons, physician or physicians, surgeon or surgeons, and all other necessary attendants for the said poor; to bind out as apprentices or to service, such poor children as shall come under their notice; "and to exercise and enjoy all such other powers, now invested in the overseers of the poor, as are not herein granted or supplied." They were also empowered, subject to the approbation of the judges of the court of common pleas, to make and ordain all such ordinances, rules and regulations as they shall think proper, convenient and necessary for the direction, government and support of the poor and house of employment, and of the revenues thereunto belonging, and of all such persons as shall come under their care or cognizance, provided the same be not repugnant to this law, or any other of the laws of this state, or of the United States. By a supplement of March 31, 1807, 4 Sm. L. 388, they were directed to furnish to the county commissioners, annually, an estimate of the sum wanted for the use of the poor, which is to be assessed and collected in addition to the county tax, which shall be paid by the county treasurer to the directors, on warrants of the county commissioners. The provisions above referred to and others

that might be cited clearly show the distinct and separate corporate existence of "The Directors of the Poor and of the House of Employment of the County of Lancaster," the corporation of which the plaintiff is a director : Township of Cumru v. Directors of Poor, 112 Pa. 264 ; Commonwealth ex rel. v. Coyle, 185 Pa. 198.   The fact that the district over which its powers and duties extend is coterminous with the county does not of itself warrant the conclusion that the officers appointed to administer them are county officers : Melvin v. Summerville, 210 Pa. 41.   When it is remembered further, that the framers of the constitution omitted such officers from the list of county officers specifically designated, and that they do not exercise the powers and perform the duties attached to any office that is designated, the conclusion seems irresistible that the mandatory provision, above quoted, of section 5, article 14, of the constitution does not apply to them, unless they have been made county officers by legislation subsequent to the adoption of that instrument.   The legislature evidently took this view of the constitutional provision when they enacted the statute to carry it into effect: Act of March 31, 1876, P. L. 13.   And, in order to leave no doubt as to its application to the officers known as city treasurer, city controller and city commissioners in any city coextensive with the county, and containing over 300,000 inhabitants, the legislature expressly declared that they " shall severally be regarded as county officers, and as such shall severally be subject to all the provisions of this act, and shall have all the powers and perform all the duties herein enjoined, and be subject to the same penalties as if they had each been elected or appointed as county officers, and had been designated as such."   No such clear intent to make the office held by the plaintiff a county office is expressed either in the title, or in the body, of the Act of July 2, 1895, P. L. 424.   Is it to be implied from what the legislature did?   We assume that the power of the legislature to establish new county offices includes the power to add to the number by transferring to that class previously established offices : Taggart v. Commonwealth, 102 Pa. 354.   When the legislature has exercised the latter power it forthwith becomes its duty, so far as counties containing over 150,000 inhabitants are concerned, to regulate the compensation attached to them in the mode prescribed by

the constitution, that is, by salary.    The power may be exercised and the consequent duty performed in a single enactment. All this is plain enough, but it does not prove that in prescribing a salary for " county directors of the poor" the legislature of 1895 must be deemed to have performed a duty springing out of its own exercise of the power to make them county officers.    We do not say that this designation would not be broad enough to include the office held by the plaintiff within the operation of the act, if it was a county office, but we are not convinced that it warrants the implication of an intention on the part of the legislature to change the nature of the office. So far as that is concerned it was left unaffected by the act of 1895 ; and as no other act making it a county office within the meaning of section 5 of article 14 of the constitution has been called to our attention, we conclude that it was not mandatory upon the legislature to make it a salaried office.    Hence no presumption of an intention to repeal the local law relative to the compensation of the officer can be based on that ground.

But whilst this was not a duty imposed by the constitution upon the legislature, the latter had power, by a general law applicable to all offices of the same class, to change the compensation attached to the office from a per diem allowance and mileage to a specific annual salary without mileage.    It is argued that the legislature saw fit, in the exercise of this power, to put " county directors of the poor," in counties containing over 150,000 and less than 250,000 inhabitants, into one class and to compensate them in the same way, and therefore a previous local statute applicable to any member of the class relating to the same subject must give way by reason of the nature and purposes of class legislation.    In support of this proposition the learned counsel for the appellant cite Commonwealth v. Macferron, 152 Pa. 244.    We appreciate the force of this argument, but this, like all other rules of construction, is simply an aid in the discovery of the actual intent of the legislature ; it is not to be resorted to to defeat that intent, nor to expand the act so as to include matters which it appears otherwise it was not the intention of the legislature to include. It is to be borne in mind that the act of 1876 as amended by the act of 1895 does not profess to classify counties for all purposes, but only for purposes of legislation relative to the

salaries, fees and emoluments of certain officers who are designated, and amongst them, "county directors of the poor." But this is not the whole of the description. Referring to the title of the act of 1895 we find some evidence, although we do not say it is conclusive, that the legislature did not have in view county directors of the poor who were compensated under existing laws otherwise than by salary. Nor can it be said that the clause must be construed as applying to such officers, otherwise there will be nothing for it to operate upon. There were offices established by general laws, which, equally as well as the offices in question, would answer to the description, and to which a specific annual salary was attached. See Act of May 8, 1876, P. L. 149; Act of May 18, 1878, P. L. 63. But we are not disposed to rest our decision upon the ground that the title of the act is misleading, or that it is to be construed as confining the words of the act to the offices created by the general laws last mentioned. Both of these points, although well worthy of consideration, may be left undecided. It is enough for present purposes to say that both may be rejected, and yet it would not follow that the principle enunciated in Commonwealth v. Macferron and cases of that class imperatively requires us to hold that the act of 1895, not only includes the directors of a corporation, which is separate and distinct from the county and was created by special law to meet local and exceptional conditions, but also repealed, by necessary implication, the special law whereby the legislature attached to the offices compensation suited to their peculiar duties.

"A local law presumably was passed to meet local and exceptional conditions, and a general statute to meet general conditions does not imply that the local conditions have changed, or that the legislature intends to change the law which it had previously deemed necessary or appropriate to such conditions. ' Rarely, if ever, does a case arise where it can justly be held that a general statute repeals a local statute by mere implication:'" Commonwealth v. Brown, 210 Pa. 29. "We fully recognize the right of the legislature to express its will in any form affirmative or negative, that it pleases, so long as it does not transgress constitutional prohibitions, and the principle that whether the question be as to the implied repeal of a prior local

or a prior general statute, the intention of the legislature must control. See Rodebaugh v. Philadelphia Traction Co., 190 Pa. 358; McCleary v. Allegheny Co., 163 Pa. 578. But while the rule above stated "—that a general statute without negative words does not repeal a previous statute which is particular though the provisions of one are different from the other—" is not an unbending one, to be applied without regard to other evidence of the legislative intent, we nevertheless feel confident, from a consideration of the act as a whole, and a view of the entire course of legislation upon the subject, that we are more likely to carry out the actual intention of the legislature by holding that the rule applies here, than by holding otherwise." Loyalsock Township Road, 26 Pa. Superior Ct. 219, citing Morrison v. Fayette Co., 127 Pa. 110; Rymer v. Luzerne County, 142 Pa. 108; Commonwealth v. Philadelphia & Erie R. R. Co., 164 Pa. 252; Commonwealth v. Lloyd, 2 Pa. Superior Ct. 6; s. c. 178 Pa. 308. These remarks are pertinent in the present case. Aside from the considerations already mentioned, it is to be noticed that the act of 1895 contains no repealing clause, and, what is more significant, makes no provision that the salary shall be a charge on the county treasury and shall be paid in any event. It simply amends section 14 of the act of 1876. It leaves unchanged section 16, which provides that certain officers expressly mentioned "shall severally be paid quarterly and shall be paid the full amount allowed them by this act," and that "all other officers shall be paid the amount herein assigned them, only when the net receipts of their respective offices shall reach the amount herein respectively fixed for them." It is worthy of remark that this section was amended in 1901, but not so as to affect the clause last quoted or to include county directors of the poor in the class of officers "who shall be paid the full amount allowed them." The fact that the legislature did not see fit to put the office in question in that class furnishes a basis for the strongest kind of an inference that it did not intend to strike down the only law through which the officer can derive any fees or emoluments whatsoever. It is thus seen, that if the act of 1876, as amended by the act of 1895, applies at all to the directors of the poor and of the house of employment of the county of Lancaster, the local and special act of 1864 furnishes the measure of their

compensation, subject to the limitation imposed by the later general law. This is all that need be decided in the present case. It follows that the judgment of the learned court below upon the admitted facts was right.

Judgment affirmed.