217    527
217    534

## Commonwealth ex rel., Appellant, *v.* Bowditch.

*Poor law—Public officer—Corporation—Germantown township—Act of January 20, 1839, P. L. 337.*

Under the Act of January 20, 1839, P. L. 337, the managers for the relief and employment of the poor in the township of Germantown, are not township officers, but are the officers of a distinct and separate corporation created by the act, and having special corporate powers, privileges and duties. The election of such managers is not regulated by the Act of March 10, 1875, P. L. 6, which act in no way repealed or modified the act of January 20, 1839. Four of such managers may maintain a quo warranto proceeding against another person claiming to be a manager, and it is not necessary that such proceeding should be on the relation of the attorney general or his deputy.

Argued Jan. 9, 1907. Appeal, No. 216, Jan. T., 1906, by plaintiffs, from order of C. P. No. 1, Phila. Co., March T., 1906, No. 2,236, quashing writ of quo warranto in case of Commonwealth ex rel. Frank B. Stewart, Charles C. Russell, Charles E. Emes and James J. Finn, Individually and as Managers for the Relief and Employment of the Poor of the Township of Germantown, v. Walter Bowditch. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Suggestion for quo warranto.

From the record it appeared that the relators were members of the board of managers for the relief and employment of the poor of the township of Germantown.    The respondent claimed membership in the board by virtue of an election under the act of March 10, 1875.    The respondent moved the court to quash the writ of quo warranto for the following reasons :

1. The relators have no such interest in the title of the respondent to the office of member of " the Board of Managers for the Relief and Employment of the Poor of the Township of Germantown " as to enable them to question it in the above proceeding.

2. No relator claims title to the office of the respondent.

3. No relator shows title, prima facie or otherwise, to the office of the respondent.

4. There is no allegation in the suggestion for the writ that any other person claims or holds title to the office in question except the respondent.

5. The office of the respondent is a public one, the title to which can only be called in question at the instance of the attorney general of the commonwealth, or his deputy, or by some citizen claiming title thereto.

The court quashed the writ.

*Error assigned* was the order of the court.

*Paul Reilly*, for appellant.—The managers are not township officers, nor in any way governed by general laws concerning township officers, but they are officers of a corporation : Nissley v. Lancaster County, 27 Pa. Superior Ct. 405 ; Com. v. Fletcher, 180 Pa. 456 ; Com. v. Stevenson, 200 Pa. 509.

Any citizen and taxpayer of a municipal corporation may maintain the proceeding to try the title to an office under the municipality and to oust an unlawful incumbent : 23 Am. & Eng. Ency. of Law (2d ed.), 618 ; Com. v. Meeser, 44 Pa. 341; Com. v. Meanor, 167 Pa. 292.

The right to proceed without the intervention of the attorney general has been upheld in many cases, and these cases likewise show that any actual interest in the relators is sufficient to sustain the action : Com. v. Burrell, 7 Pa. 34; Com. v. Jones,

12 Pa. 365; Com. ex rel. v. Read, 2 Ashmead, 261; Com. v. Cluley, 56 Pa. 270; Com. v. Swank, 79 Pa. 154.

*M. Hampton Todd,* with him *Owen B. Jenkin,* for appellees. —The managers are township officers: Com. v. Graham, 64 Pa. 339.

The managers begin their terms of office on the first Monday of April next succeeding their election.

The office of manager of said board is a public office: Com. v. Murphey, 25 Pa. C. C. Rep. 637.

The appellants were not entitled to the respective writs of quo warranto against the appellees because none of them claimed title to any of the places concerned, and the places being public offices, it is necessary that relators claim title in order to have the interest required to give them the writ in the absence of the intervention of the attorney general or his deputy: Com. v. Burrell, 7 Pa. 34; Com. ex rel. v. Cluley, 56 Pa. 270; Com. ex rel. v. McCarter, 98 Pa. 607; Com. v. Hough, 22 Pa. C. C. Rep. 440.

OPINION BY MR. JUSTICE ELKIN, April 22, 1907:

While the controlling question involved in this appeal is whether the relators have such an interest in the title of the respondent to the office of member of the board of managers for the relief and employment of the poor in the township of Germantown, as to enable them to institute a proceeding by quo warranto to inquire into his right to hold said office, it is related to, and in some degree dependent upon, other questions that must necessarily be considered. The Act of January 20, 1839, P. L. 337, provides among other things for the election of members of the board of managers for the relief and employment of the poor in said township for a term of three years from the time of their election. It is further provided that said managers shall be a body politic and corporate in law with all the rights, privileges, powers and faculties of a body politic and corporate and may take, hold and immediately upon the organization of the board shall be vested with all the estate, real, personal and mixed whatsoever now vested in or held by the managers for the relief and employment of the poor of the township of Germantown, in trust or otherwise;

and may also hold to them and their successors any other real or personal estate, conveyed to them by grant, bargain or sale, or by gift, bequest or other alienation; may sue or be sued, plead and be impleaded, in any court of record, or in any place whatever; may have a common seal, and make such laws, rules and orders as shall appear to them or a majority of them useful, necessary and proper, for the government of said corporation, its officers, estates, property, funds and the business and affairs in general of the same. The number of managers was increased by the Act of May 1, 1861, P. L. 590, from six to nine, but their general powers, privileges and duties remained unchanged.

Under these circumstances, are the said managers township officers within the meaning of the law, or are they officers of a distinct and separate corporation created by statute having special corporate powers, privileges and duties? A question almost analogous has been passed upon by the Superior Court in Nissley v. Lancaster County, 27 Pa. Superior Ct. 405, wherein it was held that the directors of the poor and of the house of employment of the county of Lancaster created by the act of February 27, 1798, 3 Sm. L. 306, are not county officers, and that their compensation as fixed by the special Act of April 14, 1864, P. L. 422, is not affected or changed by the Act of July 2, 1895, P. L. 424, which fixes the salaries of county directors of the poor in counties containing over 150,000 inhabitants. The force of this opinion is conceded by the learned counsel for appellee, but it is contended that it was predicated upon the fact that the framers of the constitution omitted such officers from the list of county officers specifically designated therein, and that this fact distinguishes that case from the one at bar. We do not agree with this position. The opinion in that case did not rest upon the fact that the directors of the poor were omitted from the list of county officers in the constitution, although this was suggested as an additional reason why the position of the appellant in that case was not tenable, but the clear reasoning therein set forth conclusively shows that the special act of 1798 created the directors of the poor and of the house of employment of the county of Lancaster into a corporation with all of the powers conferred and duties imposed thereby. The principle therein announced is

fully supported in Township of Cumru v. Directors of Poor, 112 Pa. 264, and Com. ex rel. v. Coyle, 185 Pa. 198.   We hold, therefore, that the act of 1839 above referred to created the managers for the relief and employment of the poor of the township of Germantown into a body politic and corporate with all the powers, privileges and duties conferred or imposed by said act and that the managers of said corporation are not township officers within the meaning of the various acts of assembly relating thereto.

The act of 1839 provides that it shall be the duty of the managers so elected to take the oath prescribed in said act at the first meeting of the board, which shall be held within ten days after such election.    There can be no doubt that unless by subsequent legislation these provisions of the act of 1839 have been repealed or modified, the term of each manager begins on the date of his election and continues for a period of three years from that date.    It is true the date for holding these elections has been changed from time to time, because it is provided in said act that the election of managers shall be held at the time and place appointed by law for the election of supervisors in said township.    The date for the election of supervisors at the present time is the third Tuesday of February, so that if the provisions of the act of 1839 are yet in force as to the date on which the term of office begins, it follows that the term of office of all the managers who were elected on the third Tuesday of February, 1906, began on that date.

It is earnestly contended, however, that these provisions of the act of 1839 have been repealed by the Act of March 10, 1875, P. L. 6, which provides the date on which township officers shall be elected, and fixes the beginning of the term of the officers so elected on the first Monday of April following. It is necessary, therefore, to decide the question whether the act of 1876 repealed or modified the act of 1839 to the extent at least of fixing the beginning of the term of the office of manager, for the relief and employment of the poor of said township, on the first Monday of April, as provided in the latter act, instead of the date of their election as fixed by the former act.    This question has been substantially answered in what has been said in reference to the first question discussed

in this opinion.   We have already held that said managers are
not township officers within the meaning of the law, and it
necessarily follows that the provisions of the act of 1876 did
not repeal the act of 1839, and has no application to the pres-
ent case : Commonwealth ex rel. v. Brown, 210 Pa. 29 ; Mel-
vin v. Summerville, 210 Pa. 41.

The only remaining question to be considered is whether the
relators have a standing to institute a proceeding by quo war-
ranto to raise the questions involved in this controversy.   It is
contended by the appellants that they represent a corporation
with definite and fixed corporate powers, and that they have
authority under paragraph 3 of the Act of June 14, 1836,
P. L. 621, to proceed by quo warranto to have determined the
question of the right of the appellee to be an officer in said
corporation.   On the other hand, it is contended for appellee
that the office of manager is a township office, and that the
proceeding by quo warranto must be instituted, if at all, un-
der paragraph 1 of said act on the relation of the attorney
general or his deputy.   It is a sufficient answer to this posi-
tion to refer to what has been heretofore said, to wit : that a
manager under the act of 1839 is not a township officer within
the meaning of the acts relating thereto, and it necessarily
follows that the argument so ably made by the learned coun-
sel for appellee cannot be sustained.   It is not necessary, how-
ever, in order to sustain the position of the relators to hold
that the proceeding must be instituted under paragraph 3
instead of paragraph 1, because the question has been practi-
cally ruled in Commonwealth v. Fletcher, 180 Pa. 456, in
which case an action by quo warranto was instituted on the
relation of four school directors to test the right of one re-
spondent to act as a school director and of three others to
act as president, secretary and treasurer of the board.   The
learned counsel for appellee recognizes the force of the rule
therein laid down, but insists that what gave the relators
standing in that case was the fact that they were man for
man rival claimants with the respondents for the same office.
This does not necessarily follow from the facts of that case,
because the four relators instituted the proceeding against
the four respondents without any suggestion that any par-
ticular relator was proceeding to contest the office of any

particular respondent.   The relators were treated in their joint capacity as school directors, having such an interest as warranted them in instituting a proceeding to determine whether the respondent had the right to act as school director, and that, in principle, is exactly what the relators in the present case have undertaken to do.   It is conceded in the case at bar that the relators have been duly elected managers for the relief and employment of the poor in the township of Germantown.   As members of the board of managers, with all the duties and obligations involved by reason thereof, they certainly have such an interest as in contemplation of law they are required to have in order to sustain a proceeding by quo warranto to determine whether a member, asserting his right to sit with them as a fellow manager, has a right so to do. Taxes are to be levied, moneys collected and distributed, property rights protected, and many other responsibilities involved, and it is a matter of no small importance to all of the managers, as well as the inhabitants of the district, to have the question determined whether the board has been legally constituted.   The right of the relators to proceed in the present case comes reasonably within the rule of Commonwealth v. Commissioners of Philadelphia, 1 S. & R. 382 ; Commonwealth v. Meeser, 44 Pa. 341 ; Commonwealth v. Meanor, 167 Pa. 292 ; Commonwealth v. Stevens, 168 Pa. 582 ; Commonwealth v. Stevenson, 200 Pa. 509.

Decree reversed, suggestion for writ of quo warranto reinstated, with the right of respondent to answer over in order that all parties may be heard on the merits so that the questions involved may be determined in accordance with this opinion.