PATRICK CONNOLLY *vs.* ARTHUR F. ANDERSON & another.

By Gen. Sts. *c.* 72, § 7, the final order of affiliation in a bastardy process may be made upon default in the absence of the putative father.

A mittimus issued by the court in a bastardy process to commit the absent defendant to prison until he gives bond to perform the order, will justify his arrest as well as his commitment.

TORT for false imprisonment. The defendants justified under a mittimus, and other special matter, and denied the arrest.

At the trial in the Superior Court, before *Lord,* J., the plaintiff claimed, and offered to prove, that on the 30th of March, 1870, he was arrested on a warrant, upon a complaint in bastardy, and on the 31st of March was ordered by the Municipal Court for the Southern District of the city of Boston to find sureties in the sum of $400 for his appearance at the Superior Court, holden at Boston, in and for the county of Suffolk, for civil business, on the first Tuesday of April 1870, and failing to comply with said order, was on the same day committed to the jail in Suffolk County, on a mittimus duly issued by the court, and upon said commitment, remained in jail until discharged by order of the Supreme Judicial Court as hereinafter stated; that the proceedings in bastardy against him were duly entered in said Superior Court at the April term; that at that term, on the 11th day of June, he was, by his own consent, defaulted, and the court rendered a judgment that he was the father of the child mentioned in the complaint, and an order for the maintenance of the child was passed by the court against him, and he was ordered to give bond with sureties conditioned for his compliance with the order that he was unable to procure and did not procure the bond, and no mittimus was ordered by the court to commit him until he gave it; that he was not committed, but remained in jail under his first commitment, until the 20th of September, when he was brought before the justices of the Supreme Judicial Court, upon a writ of *habeas corpus* setting forth the above facts, and upon the hearing, he was discharged, for the reason that he had remained in jail an unreasonable time after the judgment, without

the complainant applying for a mittimus and having him com-
mitted thereon; that one of the defendants in this action, Giles H.
Rich, who was counsel for the complainant in the bastardy proceed-
ings, was present at the hearing upon the writ of *habeas corpus*,
and opposed the discharge of the plaintiff, and knew of the dis-
charge and the reason for it; that after the discharge, on the 15th
of October, Rich applied to the Superior Court, then in session, for
the county of Suffolk, for, and obtained a mittimus in the usual
form, to commit the plaintiff for not giving the bond to comply
with the order for the maintenance of the child, but not authoriz-
ing the arrest of the plaintiff; that the plaintiff was at this time
at large, which was known to the defendants; that the defendant
Rich put the mittimus into the hands of the defendant Ander-
son, who was a constable for the city of Boston duly qualified to
serve civil process, and directed him to arrest the plaintiff
thereon, and commit him to jail in Suffolk County; that on the
27th of October, at about five o'clock in the morning, the defend-
ant Anderson, taking with him two policemen, went to the dwell-
ing-house of the plaintiff with the mittimus, and arrested the
plaintiff against his will, and carried him to one of the police
stations in the city of Boston, and put him into a cell in the
station-house, and kept him there four hours, and then conveyed
him to the jail in Suffolk County, and committed him to the
keeper of the jail on the mittimus, and kept him confined in
jail for the space of four months, and until he was discharged
by taking the poor debtors' oath; that after the bastardy pro-
ceedings were entered in the Superior Court at the April term,
and before the plaintiff was defaulted, his counsel applied to
the defendant Rich, the complainant's counsel, and told him
that the child mentioned in the bastardy proceedings was born,
and requested him to file a supplemental statement, so that the
plaintiff (the defendant in those proceedings) could be de
faulted, and told Rich that the plaintiff could not give the
required bond for maintenance, and would have to be com-
mitted and remain in jail the requisite time, and then be re-
leased by taking the oath for the relief of poor debtors, and
explained to Rich that he could not take the oath until he

was so committed; that Rich then declined to do so, and said that the plaintiff was in jail and he meant to keep him there, and that he would like to see anybody get him out; that the counsel for the plaintiff then notified Rich that he should, on the next motion day in the Superior Court, move for leave to file the supplemental statement, and that the plaintiff would be defaulted, and that he should also move that he be adjudged the father of the child, and should move for an order of maintenance; that Rich replied that he should like to see him do it; that Rich did not appear to oppose the motions, but the plaintiff appeared and made them, and they were allowed by the court, and he filed the statement, and the plaintiff became defaulted, and the orders were made; but the complainant did not take out a mittimus, or commit the plaintiff, except as hereinbefore stated.

Upon this statement, upon the request of the parties, the justice reported the case before verdict to this court for its determination of the question whether, if the facts stated were true, (which the defendants controverted,) the action could be maintained.

*R. Lund & W. H. H. Andrews*, for the plaintiff.

*J. M. Keith*, for the defendants.

AMES, J. The main question raised in this case is fully disposed of by the recent decision of *Young* v. *Makepeace*, 103 Mass. 54. It is there pointed out that under the modification in the Gen. Sts. *c.* 72, § 7, of the former statutes upon this subject, the final order of affiliation may be passed upon the default of the putative father, and when he is not present in court. The final judgment is that " he stand charged with the maintenance," &c., " in such manner as the court shall order, and shall give bond with sureties to perform said order." The statute provides also that " he may be committed to prison until he gives such bond." This order the court has power to enforce by any appropriate process. It may be true, as the plaintiff insists, that the term " mittimus " in strictness imports that the party to be committed is in the presence of the court, and within the reach of the officer. But this process is nowhere in the statute termed a mittimus. It is in the nature of an execution, upon which he may be arrested wherever he may be found, and committed to prison, as a means

of compelling him to comply with the judgment. The terms of the judgment, from the nature of the case, differ materially from the ordinary forms in common law proceedings. But the subject is within the jurisdiction of the Superior Court; the order is one which it had authority to pass; and the precept is sufficient to protect the officer in serving it.

Upon the facts set forth in the record, and assuming them to be true, we see no ground on which the action can be maintained.

*Judgment for the defendants.*