## Steckman *versus* The County of Bedford.

A sheriff or other officer who makes an ineffectual pursuit of a fugitive from justice in several states, under a several requisition of the governor to each state, cannot compel the county from which the culprit fled to pay the expenses for these ineffectual efforts, and this notwithstanding the fugitive was finally captured, tried and convicted.

May 16th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Court of Common Pleas of *Bedford county :* Of May Term 1876, No. 32.

This was a case stated the facts of which were, in brief, as follows : George W. Dibert was severally prosecuted in Bedford county for perjury, surety of the peace, for procuring an abortion, adultery and subornation of perjury, and after arrest and before trial escaped. Upon two of these indictments requisitions were obtained from the governor of Pennsylvania upon the governors of West Virginia, Illinois and Missouri, and placed in the hands of Robert Steckman, who was empowered to follow and to receive the fugitive. In pursuance of this authority Steckman, in January 1870, proceeded to Pennsboro, West Virginia, where he was informed Dibert was and discovered he had fled to Illinois. He then returned to Pennsylvania, and on 15th of February 1870, clothed with another requisition upon the governor of Illinois, proceeded to Canton, in that state, and found upon his arrival that the fugitive had the night before fled, into Missouri. He again returned, and in July following, having ascertained the whereabouts of Dibert, in Missouri, he obtained another requisition upon the governor of that state, went to Missouri and succeeded in arresting Dibert, and brought him back to Pennsylvania for trial. He was convicted upon one of the charges and served out his imprisonment in the county jail. The costs and expenses of Steckman to and from the state of Missouri were paid by the county of Bedford, but the county objected to paying those incurred on the requisitions to the states of West Virginia and Illinois. It was submitted to the court to determine whether the county was liable for these costs and expenses, and the court, Orvis, A. L. J., decided under the authority of Andrus *v.* County of Warren, 8 Casey 540, that the county was not, and entered judgment accord-

[Steckman *v.* The County of Bedford.]

ingly. Steckman, the plaintiff, then took this writ, assigning this entry for error.

*Francis Jordan* (with whom were *Schell, Spang* and *Alsip*), for plaintiff in error.—The Act of March 31st 1860, Purd. Dig. 374, provides that the reasonable expenses of executing process under a requisition shall be paid by the county and the construction of the statute by the court below was too narrow. Where there is a statutory provision, as here, for the payment of the costs and the officer has performed the work with fidelity and diligence, the statute should be more liberally construed. The several attempts made to capture the fugitive were one continuous transaction, and terminated in his arrest, trial and conviction, and the officer having acted efficiently and in good faith is entitled to his costs: United States *v.* Morse, 3 Story 87. Berks County *v.* Pile is plainly distinguishable from this case, and Andrus *v.* Warren County was a claim for expenses in an *unsuccessful* attempt to arrest a fugitive, and these cases were both anterior to the Act of 1860.

*E. F. Kerr* and *J. M. Reynolds*, for defendant in error, relied upon Andrus *v.* Warren County, *supra*, and Berks County *v.* Pile, *supra*.

The judgment of the Supreme Court was entered, May 28th 1877,

PER CURIAM.—We see no error in the judgment of the court below on the case as stated. We think the sheriff or other person making ineffectual pursuit of a fugitive from justice, in several states, under a several requisition of the governor to each state, cannot compel payment of his expenses for these ineffectual efforts. The first section of the Act of 31st March 1860, provides for payment only of "transporting any person charged with having committed any offence in this state, from another state into this state for trial." If the act does not provide a just remuneration for expenses incurred in pursuits in other places without effect, the legislature must furnish the remedy. It would open a door to improvident if not unnecessary travelling without any means of restraint; and might lead to improper practices, if the act were to receive the wide construction contended for.

Judgment affirmed.