## UNITED STATES v. CLOUGH.

### (Circuit Court of Appeals, Sixth Circuit.    February 6, 1893.)

### No. 26.

1 CLAIMS AGAINST THE UNITED STATES—COMMISSIONER'S FEES—AFFIXING SEAL.
   Rev. St. § 1014, requires the process issued by a United States commissioner to be the same as that issued against offenders under the state law by examining magistrates. In Tennessee the seal of the magistrate is necessary to validate the process. Rev. St. § 828, allows clerks for issuing and entering every process, with certain exceptions, $1, and a further allowance of 20 cents for affixing the seal of the court to any instrument when required. Rev. St. § 847, allows commissioners the same fee as is allowed the clerks for like services. Held, that the allowance of 20 cents applies only to those instruments for which specific provisions are not made, and that a commissioner in Tennessee is not entitled to such fee for affixing his seal to warrants, writs of mittimus, etc., issued by him upon preliminary examinations, since such action is a necessary part of the issuance of the process, and is paid for by the fee for the process. 47 Fed. Rep. 791, reversed.

2. SAME—STATUTES—CONSTRUCTION.
  Where a statute allowing an officer's compensation admits of two interpretations, the words should be construed strictly in favor of the United States, and not liberally in favor of the officer. 40 Fed. Rep. 813, disapproved.

Appeal from the Circuit Court of the United States for the Western Division of the Western District of Tennessee.

Petition by John B. Clough for the recovery from the United States of fees claimed by him for services as commissioner. A decree was rendered for the petitioner. 47 Fed. Rep. 791. The United States appeal. Modified.

S. W. Hawkins, for the United States.
John B. Clough, pro se.

Before JACKSON and TAFT, Circuit Judges, and SWAN, District Judge.

TAFT, Circuit Judge. This was an appeal from a decree of the circuit court for the western district of Tennessee adjudging the United States to be indebted to John B. Clough, a United States commissioner, the plaintiff below, in the sum of $405.75 for fees earned by him as such commissioner. The petition was filed under an act of congress approved March 3, 1887, entitled "An act to provide for the bringing of suits against the government of the United States," (chapter 359, 24 St. at Large, p. 505,) which conferred upon district and circuit courts of the United States a jurisdiction similar to that exercised by the court of claims over suits brought against the United States. The judgment rendered covered and included fees for a number of items, only one of which is objected to and assigned for error on this appeal. The court below held that the plaintiff was entitled to a fee of 20 cents for affixing his commissioner's seal to warrants, writs of mittimus, etc., issued by him upon preliminary examinations, amounting in the aggregate to $141.40. Under section 847 of the Revised Statutes, commissioners are entitled to the same fees as are allowed to clerks for like services; and under section 828 of the Revised Statutes the clerks are allowed for affixing the seal of the court to any instrument when required, 20 cents. Under section 1014 of the Revised Statutes the process issued by the commissioner is required to be the same as that issued against offenders under the state law by examining magistrates. In Tennessee the seal of the magistrate is necessary to validate his warrant or mittimus. Tackett v. State, 3 Yerg. 392. And it is therefore essential to the validity of a warrant of the United States commissioner, exercising jurisdiction in Tennessee, that his writs shall have his seal affixed.

It is contended by counsel for the appellee that it necessarily follows from the foregoing that the commissioner should be allowed 20 cents for affixing his seal to each writ. Were the foregoing all of the statute law bearing on the subject, the argument would be sound, but, in our opinion, the other provisions of section 828 show that it cannot be supported. By section 828, clerks are allowed

"for issuing and entering every process, commission, summons, capias, execution, warrant, attachment, or other writ, except the writ of venire or a summons or subpoena for a witness, one dollar." And under section 847 United States commissioners are allowed, "for issuing any warrant or writ, and for any other service, the same compensation as is allowed to clerks for like services."

If the seal of a United States commissioner is essential to make a legal warrant or a writ of mittimus within the state of Tennessee, then we are clearly of the opinion that such service is included in the issuing of such warrant or writ, and that the one dollar provided by statute for issuing pays also for the affixing of the seal.

The provision in section 828, allowing 20 cents for affixing the seal of the court to any instrument when required, applies only to those instruments the issuing or preparation of which are not specifically allowed in the previous provisions of the same sections, and on which a seal may be needed. The provision allowing 15 cents a folio for making any record, certificate, return, or report has application to writings some of which might need a seal, and in charging for such record or certificate or other paper 20 cents should be allowed for affixing the seal, because the 15 cents a folio is obviously only for the writing required in the body of the paper. But where the fee is for issuing and entering a particular writ the service to be paid for is the issuing and entering a lawful writ with all that that includes. The learned judge below, in objecting to this view, says:

"The argument that section 828 of the Revised Statutes, giving a fee of one dollar for issuing and entering every process, etc., covers every charge in respect of and concerning the writ, is wholly untenable, because the subsequent part of the section in terms provides a fee for entering the return of it, and this service may just as well be said to be embraced in the one dollar as the fee for affixing the seal, also expressly given."

There is involved in this statement, it seems to us, a non sequitur. The issuing and entering of a process is one thing, and entering of the return of the process is another. The process is valid and complete in the hands of the executing officer without any return, and the entering of the return is therefore a service entirely separate from the issuing and entering of the process, and could not, it seems to us, by any force of reasoning, be held to include the entering of the return. We do not concur in the opinion of the court in McKinstry v. U. S., 40 Fed. Rep. 813, as to the principle to be followed in the construction of the fee bill. We do not know any rule of public policy or of practical experience which requires that where a statute allowing an officer's compensation "admits of two interpretations, the words should be construed liberally in favor of the officer, and not strictly in favor of the United States." The well-known abuses under the fee system, by which the government has been defrauded of large amounts through unconscionable charges, and the lax administration of the law in this respect, would seem to require a strict interpretation in favor of the United States, rather than in favor of the officer. The decree of the court below will be modified in accordance with this opinion.