# William H. Wilhelm, Sheriff, v. Fayette County, Appellant.

*Sheriff—Fees—Commitment—Act of April 2, 1868.*

Under the act of April 2, 1868, P. L. 4, the sheriff is entitled to a fee of fifty cents for each person received on commitment, without regard to the fact that they were all committed for the same criminal matter, or that a separate commitment was not made out for each separately.

Argued May 15, 1895. Appeal, No. 9, July T., 1895, by defendant, from judgment of C. P. Fayette Co., Dec. T., 1894, No. 133, in favor of plaintiff on case stated. Before STER-RETT, C. J., GREEN, MCCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Case stated to determine the validity of fees claimed by sheriff.

The case stated was in part as follows:

" William H. Wilhelm, the plaintiff, is the sheriff of defend-ant county, and has been since the 1st Monday of January, 1893, and as such officer he is the keeper of the common jail of said county. As such sheriff and keeper of the common jail he did on the 4th day of April, 1894, receive into his custody and commit to said jail ninety-five persons charged with the murder of Joseph H. Paddock. These persons were all included in one information, and were all tried on the same bill of indict-ment. The said prisoners were committed to said plaintiff by John N. Dawson, Esq., a justice of the peace in and for said county by virtue of eighteen several writings or commitments, containing from three to eight names on each, in which com-mitments plaintiff was required to receive said defendants, and them have and keep in his custody until discharged by due course of law. Plaintiff did receive said prisoners, made a sep-arate search and examination of each one and committed them singly and separately into said jail, opening and closing the door of said jail for each one, and kept them in said jail until they were duly discharged according to law.

" For said service plaintiff claims the sum of forty-seven and fifty one hundredths dollars ($47.50), being at the rate of fifty

cents for each of said prisoners so committed, and contends that such is the meaning contemplated by section 2 of the act of assembly of April 2, 1868, P. L. 4. Defendant claims that there is due plaintiff but the sum of fifty cents, there being but one such commitment as is contemplated by said act of assembly ; or that at most there is due said plaintiff the sum of nine dollars, being at the rate of fifty cents for each of said eighteen commitment papers."

The court entered judgment for plaintiff for $47.50.

*Error assigned* was in directing judgment for plaintiff.

*R. F. Hopwood,* for appellant, cited: Act of April 2, 1868, P. L. 4 ; Yordy v. Lebanon County, 4 Pa. C. C. 162 ; Franklin Co. v. Conrad, 36 Pa. 317 ; Lehigh Co. v. Semmel, 23 W. N. C. 346.

*D. W. McDonald, James R. Cray* with him, for appellee, cited: Act of April 2, 1868, P. L. 4 ; act of June 12, 1878, P. L. 187 ; Morrison v. Bachert, 112 Pa. 322 ; 1 McKinney's Justice, 148 ; McGee v. Dillon, 103 Pa. 433 ; Com. v. Taylor, 5 Pa. C. C. 510 ; Rhoads v. Luzerne County, 1 Kulp, 431.

PER CURIAM, May 27, 1895 :

This case stated embodies all the facts upon which the judgment of the court below is based. As sheriff of the county and keeper of the common jail, the plaintiff received into his custody ninety-five persons charged before a justice of the peace, in one information, with the murder of Joseph H. Paddock and duly committed for trial by said justice, as evidenced by eighteen separate commitments containing from three to eight names each. The sole question was whether plaintiff was entitled to a commitment fee of fifty cents for each of the ninety-five persons thus committed and received by him, or a fee of fifty cents for each of the eighteen separate commitment papers, or only a fee of fifty cents for the entire number of ninety-five persons named in said several commitments.

The act of April 2, 1868, fixing the fee bill under which the contention arose reads, inter alia, thus : " Fee on commitment for any criminal matter 50 cents." The learned judge of the

court below construed this to mean a fee of fifty cents for each person received on commitment, without regard to the fact that they were all committed for the same criminal matter, or the further fact that a separate commitment was not made out for each separately. In this we think he was so clearly right that discussion of the subject is unnecessary.

Judgment affirmed.