# William Price *v.* The County of Lancaster, Appellant.

*Costs—Constable's fees—Mileage—Serving subpœnas—Statutes.*

Under the Act of May 23, 1893, P. L. 117, a constable is entitled to
mileage at the rate of ten cents per mile one way in the execution of a
warrant.   For serving a subpœna he may legally charge fifty cents for
each person named in the subpœna and actually served.

Argued Nov. 10 and reargued Dec. 13, 1897.   Appeal, No. 183,
Nov. Term, 1896, by defendant from judgment of C. P. Lan-
caster County, Sept. Term, 1896, No. 3, in favor of plaintiff on
case stated.   Before RICE, P. J., WICKHAM, BEAVER, REEDER,
SMITH and PORTER, JJ.   Reversed and modified.

Case stated.   Before LIVINGSTON, P. J.

It appears from the record that the nature of the proceedings

was an appeal from the judgment of the court below on a case stated, framed for the purpose of determining what fees the constable is entitled to as mileage, and for serving subpœnas under the Act of May 23, 1893, P. L. 117.

It appears from the case stated that a warrant was issued to the plaintiff, a constable, for the arrest of a person charged with the crime of larceny as bailee. That the constable made the arrest and in so doing necessarily traveled two miles circular, that he also served a subpœna for two witnesses for a hearing in said case, and in subpœnaing said witnesses he necessarily traveled two miles circular.

If the court be of the opinion that the plaintiff is entitled to the sum of one dollar for the warrant, twenty cents for the mileage, one dollar for the subpœna and twenty cents for the mileage, judgment to be entered in favor of the plaintiff for the sum of $2.40. If the court be of the opinion that the defendant is not entitled to said sum, then judgment to be entered in favor of the plaintiff for whatever amount the court may deem legally due. Both parties reserve the right to take an appeal.

The court entered judgment in favor of the plaintiff for $1.90. Defendant appealed.

*Errors assigned* were (1) in entering judgment in favor of the plaintiff for $1.90. (2) In not entering judgment in favor of the plaintiff for $1.70. (3) In holding that the Act of May 23, 1893, P. L. 117, allows the constable pay for traveling expenses at the rate of ten cents per mile circular. (4) In not holding that the compensation allowed to constables under the Act of May 23, 1893, P. L. 117, for traveling expenses is ten cents direct, or only one way.

*Thos. Whitson* and *W. U. Hensel,* with them *J. Hay Brown,* for appellant, cited Martin v. Clinton Co., 17 C. C. R. 15; Kellar v. Clinton Co., 4 Dist. Rep. 216; Boyle v. Luzerne Co., 17 C. C. R. 214; Conley v. York Co., 5 Dist. Rep. 748; Winters v. Dauphin Co., 5 Dist. Rep. 528.

*H. M. Houser,* with him *Thomas J. Davis,* for appellee, cited Murphy v. Fayette Co., 6 Dist. Rep. 506; Woomer v. Clearfield Co., 5 Dist. Rep. 362.

OPINION BY WICKHAM, J., March 21, 1898 :

The plaintiff, who was a constable of the city of Lancaster, on June 13, 1896, executed a warrant issued as an alderman of the city against one charged with the crime of larceny as bailee. In performing this duty, the officer necessarily traveled two miles circular, i. e. one mile in going to the place where he made the arrest, and the other in taking the prisoner to the alderman's office.    Later he served a subpœna on two witnesses, to appear at the hearing, and, in so doing, traveled two miles circular.

For these services he is entitled to compensation, under the Act of May 23, 1893, P. L. 117, and the questions presented by the case stated are first, can the plaintiff legally claim circular mileage for executing the warrant and serving the subpœna ; and, second, can he recover fifty cents for subpœnaing each witness. The act of 1893, owing to some obscurity in regard to the matters here under consideration, has been productive of trouble in most, if not all, of the counties of the commonwealth.    The decisions as to its meaning, only some of which have been published, rendered by the common pleas judges, are so conflicting that they tend as much to confuse as to enlighten.    Any of the constructions adopted are, however, capable of being plausibly sustained by argument, or of being condemned in like manner. We therefore perform the duty devolving upon us, with some diffidence, and not without due respect to the opinions of the courts of first instance.

The act of 1893 provides for the following fees, to wit:

Serving subpœna,    .    .    .    .    .    .    $ .50
Traveling expenses on an execution returned nulla
    bona and non est inventus, where constable has
    been at defendant's last residence, each mile,    .    .10
Traveling expenses in all other cases, each mile, .    .10
Executing order for the removal of a pauper,    .    .75
Traveling expenses in said removal, each mile cir-
    cular, .    .    .    .    .    .    .    .    .15

In considering the first question it will be observed, that the legislature knew and took full cognizance of the well established difference between circular mileage and mileage one way.    This appears from the use of the word " circular " in the item fixing the compensation for traveling expenses for re-

moving paupers. The omission elsewhere of the word is therefore very significant, more especially so, in view of the fact that it was employed in fixing the compensation for serving subpœnas in the general fee bill Act of April 2, 1868, P. L. 3, repealed as to the fees of constables, aldermen and justices of the peace, by the act of 1893. We are of the opinion that the plaintiff is only entitled to be paid mileage, one way, at the rate of ten cents per mile. It seems hardly probable that the legislature intended to increase the mileage from six cents circular, the compensation fixed by the act of 1868, to ten cents circular as claimed by the plaintiff, particularly since the fee for serving subpœnas has been so largely enhanced. Any doubt on the subject should be resolved in favor of the public.

As to the second question, we think that for serving a subpœna the constable may, for each person named in the process and actually served, legally charge fifty cents. The words of the act of 1868 relating to this matter are as follows: "Serving subpœna 15 cents." It will be seen that, except as to the amount of compensation, the same phraseology is found in the act of 1893. So far as we have been able to learn, the universal practice throughout the commonwealth, under the act of 1868, was to allow the fee for each witness served. Like local effect was given to special acts, containing similar language, but fixing a larger fee, passed for Philadelphia and Delaware counties. This seems only just. Witnesses may reside far apart in the county, and sometimes, when matters of character or opinion are involved, a score or more persons are called on to testify. To hold that the officer shall be given only the same fee in every case, for serving the parties named in the subpœna, would produce inequality and injustice, and often subject him to the temptation to shirk the full performance of his duty. Practically he serves the writ every time he reads it to a witness. The trouble and labor is the same as if he had a separate subpœna for each person named. The construction applied to the act of 1868 and the local statutes referred to is entitled to considerable weight in deciding the present case, as it evidences the view of the bar, and to some extent of the bench, of the state, as to the meaning of words exactly similar to those we are now called on to construe.

The case of Wilhelm, Sheriff, etc. v. Fayette County, 168

Pa. 462, is somewhat analogous to the one in hand, so far as the question now under consideration is concerned. There the decision turned on the interpretation of the following words in the act of 1868, " Fee on commitment for any criminal matter, 50 cents." It was contended, in behalf of the defendant, that the sheriff was entitled to only one fee of fifty cents, no matter how many persons were named in the commitment. The Supreme Court, however, sustaining the court below, held that the officer could legally claim fifty cents for each person received on the one process.

As the judgment of the court below, in the case before us, is not in harmony with the views here expressed, it cannot be sustained. It is, therefore, reversed, and judgment is now entered for the plaintiff and against the defendant, for the sum of two dollars and twenty cents.

*Costs—Constable's fees—Mileage—Serving subpœnas—Statutes.*

Under the Act of May 23, 1893, P. L. 117, a constable is entitled to mileage at the rate of ten cents per mile one way in the execution of a warrant. For serving a subpœna he may legally charge fifty cents for each person named in the subpœna and actually served.