Commonwealth ex rel., Appellants, v. Woodward.

424

Argued October 22, 1928.

Before Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

*William A. Schnader,* and with him *W. Wallace Smith* and *Singleton Bell,* for appellants, cited: Tucker's Appeal, 271 Pa. 462; Commonwealth ex rel. Greene v. Gregg et al., 161 Pa. 582; Commonwealth v. Snyder, 279 Pa. 239.

*John C. Arnold,* for appellee, cited: Schuylkill County v. Wiest, 257 Pa. 425; Backman's App., 274 Pa. 420; York Co. v. Fry, 290 Pa. 310; Slattery v. Hendershot, 72 Pa. Superior Ct. 240.

Opinion by Linn, J., January 25, 1929:

The question is what is the salary of a county commissioner in Clearfield County. It has more than 100,000 inhabitants and less than 150,000, and is there-

fore in the fifth class (July 10, 1919, P. L. 887). The applicable statute is the Act of April 27, 1927, P. L. 403, section 1, fixing the salary at $4,000 a year, and section 2 repealing inconsistent legislation,—"words of express repeal" as was said in Com. v. Weir, 165 Pa. 284, 286. The appellant commissioners, who took office January 1, 1928, have received salary at the rate of $4,000 but they claim additional salary at the rate of $1000 a year for services rendered by them qua county commissioners in administering the affairs of the poor district which is coterminous with the county. They presented a claim for this additional compensation and the county controller declined to authorize its payment. They then instituted these mandamus proceedings to compel him to do so, but on petition, answer and demurrer, judgment went against them.

Public officers are entitled only to such compensation as is clearly authorized by legislation: Marquette v. Berks Co., 3 Pa. Superior Ct. 36; "Any doubt on the subject should be resolved in favor of the public:" Price v. Lancaster Co., 7 Pa. Superior Ct. 119, 122; S. C. 189 Pa. 95. See also U. S. v. Clough, 55 Fed. 373; 29 Cyc. 1426. The learned counsel for the commissioners has found no statute specifically authorizing the additional payment, but by ingenious historical argument contends that it is payable under section II of the Act July 11, 1923, P. L. 1054, 1057; a section which counsel for appellee contends was repealed by the act of 1927, supra.

Under the Act of June 4, 1879, P. L. 78, the county became a poor district "for the purpose of furnishing relief to the poor, destitute and paupers, giving them employment, and carrying out the provisions of this act ......"; the duty of administering the affairs of this poor district was imposed on and has since been performed by the county commissioners, who, originally, were entitled by section 17 "to charge in their

accounts as compensation the same rate per day for time necessarily employed about the business [of administering the poor district] that they are entitled to receive as county commissioners." See generally section 200 of the Act of May 14, 1925, P. L. 762, 764; Jenks Poor District v. Sheffield District, 135 Pa. 400; Melvin v. Summerville, 210 Pa. 41. The next statute on this subject, that of May 7, 1889, P. L. 109, provided the same daily compensation for county commissioners for services performed in that capacity as for services performed by the county commissioners ex-officio "overseers of the poor," but it also provided that "said commissioners should not receive for any single day more than $3.50, as provided by this act." It appears then that for many years commissioners were paid by the day of service rendered, and that they could not make a double charge for service in two capacities rendered on the same day. The next legislation to be noted is the Act of April 14, 1905, P. L. 167, which increased commissioners' salaries; it fixed an annual salary instead of a daily wage, and provided that the amount designated should "be in lieu of all other compensation, for the services of the county commissioners, . . . . . . whether acting as such or as poor directors, or in the performance of any service, office or duty imposed upon the county commissioners." In 1911, P. L. 894, an amendment omitted the words "whether acting as such or as poor directors," but continued the salaries "in lieu of all other compensation."

In 1915, P. L. 936, the salaries were again increased and a higher salary was provided "where the commissioners are directors of the poor," than if they did not perform that service. The same distinction was made when salaries were increased in 1917, P. L. 570, and again in 1923, P. L. 1054, supra.

Salaries of directors of the poor (not also county

commissioners) are fixed by the Act of 1907, P. L. 487, entitled "An Act fixing the salaries and providing for the expenses of the directors of the poor in the several counties of this Commonwealth;" it provides that it "shall not affect counties in which county commissioners perform the duties of poor directors." See also section 400 of the General Poor Relief Act of 1925, P. L. 762, 770, and the amendment of April 7, 1927, P. L. 148.

Coming now to section 11 of the Act of 1923, supra, appellants contend that the portion of the section here italicized was not repealed by the repealing clause in the Act of 1927: "In such counties, the annual salaries of the following county officers shall be as follows: ...... of the county commissioners, $2,500 each, and *where such county commissioners are also directors of the poor, then $3,500 each.*" This Act of 1923 was entitled "an act relating to certain county officers in counties of the fifth class; providing for their salaries ......, placing certain duties on the county commissioners ........" The controller contends that the Act of 1927 fixing the salary at $4,000 and repealing inconsistent legislation takes the place of all of section 11 just quoted. Appellants' counsel frankly states in his brief that the "plaintiffs would have the act [of 1923] interpreted [and continued in effect after 1927] as if it read 'and where such county commissioners are also directors of the poor, then $1,000 additional as directors of the poor.'" Having so rewritten the statute, his argument continues that the Act of 1927 substitutes for the commissioners salary of $2,500 the sum of $4,000, but leaves effective authority to pay $1,000 additional to county commissioners who administer the poor district. This argument is supported, he contends, by the fact that the Act of 1879 makes county commissioners ex-officio poor district officers (Melvin v. Summerville, supra; Tucker's Appeal, 271 Pa. 462).

It is not disputed that, within constitutional limits, the legislature may impose on county commissioners such duties as it wishes performed and may fix the salary: Com. v. McCombs, 56 Pa. 436; Com. v. Weir, 165 Pa. 284. Salary is attached to the title to the office and not to the service or to the person performing the service: Jones v. Dusman, 246 Pa. 513. The mere fact that over a period of years commissioners who performed other services received greater compensation than was paid to commissioners who did not perform such other services, does not support the inference that the legislature intended to continue such practice by a later statute that does not contain such provision; on the other hand, it is apparent by the prior statutes referred to, that successive legislatures did not maintain uniformity of policy on the subject. The Act of 1927 would seem to indicate a return to the practice pursued prior to 1915, of paying a single sum without regard to whether a commissioner in one county of the fifth class did more or less work than a commissioner in another county of the same class; or, to state it differently, to authorize a salary in lieu of all other compensation for any service whatsoever performed in virtue of election as county commissioner. This interpretation also accords with well settled principles of construction: ''The general rule is perfectly well settled that, where a statute is of doubtful meaning and susceptible upon its face of two constructions, the court may look into prior and contemporaneous acts, the reasons which induced the act in question, the mischiefs intended to be remedied, the extraneous circumstances, and the purpose intended to be accomplished by it, to determine its proper construction. But where the act is clear upon its face, and when standing alone it is fairly susceptible of but one construction, that construction must be given it. (citing authorities)'' ...... ''The whole doctrine ap-

plicable to the subject may be summed up in the single observation that prior acts may be resorted to, to *solve*, but not to *create* an ambiguity": Hamilton v. Rathbone, 175 U. S. 414, 419, 421. See also Rich v. Keyser, 54 Pa. 86, 89; Brown v. Title and Trust Co., 174 Pa. 443, 460; State Highway Route No. 72, 265 Pa. 369, 373. We consider the Act of 1927, with its express repeal of inconsistent legislation, clear on its face; there is no ambiguity.

If, as stated in appellants' brief, there are some counties of the fifth class in which separate officers administer the affairs of the poor district, whose county commissioners (for less work) receive under the Act of 1927 the same salary as the commissioners of Clearfield County receive, it is an inequality that is within the control of the legislature (poor districts not being subject to the prohibition against local or special legislation: Jenks District v. Sheffield District, supra).

Section 11 of the Act of 1923, establishing the salaries of county commissioners for all services rendered, was repealed by the Act of 1927 fixing the salary at $4,000 a year.

Judgment affirmed at the costs of appellants.