## Commonwealth v. Felton

*Fremont J. McKenrick*, for Commonwealth.

*Robert S. Glass*, for county controller.

*Edward G. Kuyat* and *Gerald K. Gibson*, for defendants.

McDONALD, J., September 11, 1959.—Exceptant Felton, defendant in 14 indictments founded on 14 informations charging burglary, pleaded guilty to all charges and was sentenced by this court to pay the costs of prosecution, make restitution and placed on special probation under parole board supervision for three years. He was named jointly with other defendants in 11 of the indictments and separately in three. Where the indictments are joint, sentence requires payment of the costs pro rata.

Indictment no. 63, December sessions, 1958, was founded on an information made by John W. Reed, Johnstown city detective, on November 11, 1958, charging burglary of Hallman's Chevrolet Garage. Exceptant was arrested, committed to city jail for hearing and later the same day, at a preliminary hearing before the alderman, pleaded guilty and posted bail for court. On November 14, 1958, before his release, 13 additional informations were made by the same prosecuting officer before another alderman. Warrants were issued on each information and according to the

return of the constable, served on defendant while in the city jail. Hearings in these 13 cases were held on November 15, 1958, before the alderman and in default of bail, defendant was committed to the county jail to be held for the next term of quarter sessions court.

Felton has paid the costs on no. 63, December sessions, 1958, and no. 34, December sessions, 1958, one of the last mentioned 13 cases.

Each of the crimes charged was a felony involving a separate occurrence as to time and place; hence, each was properly charged on a separate information.

Exceptants Joseph Zurenda and Delores Zurenda were jointly charged with larceny in nine indictments founded on nine informations, pleaded guilty to all charges and were sentenced by this court to pay the costs of prosecution, make restitution and placed on probation for two years. At the time of sentence, defendants were directed to pay the constable's costs on one indictment, pending filing of exceptions to the costs on all others. The costs have been paid on no. 108, December sessions, 1958.

Each of the crimes charged against exceptants Zurenda was a separate occurrence as to time and place; hence, separate informations were properly filed.

The Zurendas were turned over to the Johnstown police after having been arrested for larceny in Indiana Borough, Indiana County. The informations were made by John W. Reed, Johnstown city detective, and according to the return on the writs subsequently issued, the warrants were served .

Exceptants contend there is a duplication of constables' costs for service of warrants, execution of commitments and releases, because the physical act for all was accomplished at the same time. These are the exceptions now before the court.

The exceptions also contend certain warrants and subpoenas were not served; hence the costs on these are illegal. When the charges were filed and the writs issued, exceptants were in custody and upon appearing before the alderman, entered a plea of guilty. All warrants and subpoenas were returned as served and costs taxed. There is no testimony before the court which raises the issue of service. Therefore we must presume the official acts, as indicated by the returns, were performed by the constable. In fact, counsel agreed the only issue to be decided was that of duplication of costs.

In each of the 13 cases involving exceptant Felton, the transcript of the alderman shows:

1. Charge: Burglary.

2. Warrant issued to the constable, November 14, 1958, on oath of John W. Reed.

3. Defendant committed to city jail in default of bail to await hearing scheduled for November 15, 1958.

4. Release for hearing issued to jailer.

5. Defendant brought in and appeared for hearing.

6. Defendant pleads guilty, makes no demand for bail and is committed to county jail to be held for next term of quarter sessions court.

In the nine indictments involving the exceptants Zurenda, the transcript of the Alderman in each shows:

1. Joint information against defendants.

2. One warrant issued, both defendants named in the warrant.

3. Defendants arrested.

4. Defendants committed to city jail to await hearings scheduled October 21, 1958.

5. Defendants appeared at hearing, pleaded guilty and furnished bail for court.

The question to be decided on these exceptions is: Where a magistrate directs more than one warrant and commitment against the same defendant to the same constable and said constable performs one physical act of arrest and commitment and release, is he entitled to compensation for each said writ, or is his compensation limited to one writ?

In order to understand whether costs may be imposed on each of multiple cases against the same defendant under the circumstances here related, we shall discuss the nature of the warrant, commitment and release.

A warrant is a formal precept issued by some competent authority in the name of the Commonwealth to some authorized officer or individual directing the apprehension of some alleged offender and the bringing of him before some proper person to be dealt with according to law. That a warrant is a necessary writ in the arrest of an alleged offender is apparent in the legion of cases which define a person's rights under Amendment IV to the Constitution of the United States and article I, sec. 8, of the Constitution of Pennsylvania. In each of these provisions a person is secure from unreasonable searches and seizures and no warrant to do so is issued "without a probable cause supported by oath or affirmation, subscribed to by the affiant." With the exception of an arrest upon view, the warrant is a necessary writ to acquire jurisdiction of the person by bringing him before the court or magistrate to answer the charges made against him. In this case, no question of the necessity has been raised and we conclude that each warrant issued was valid.

The word "commitment" has in law a well-defined meaning and signifies the act of sending one accused or convicted of a crime to prison. The word is used to describe the order and warrant of commitment. It is, however, the process by which a court or magistrate

directs a ministerial officer to take a person to prison or to detain him there; it is a document whereby a person is committed to the custody of another: 22 C. J. S. §349, p. 510. A commitment, therefore, is a judicial process whereby a person is lawfully detained. It means a person is within the presence of the court and within the reach of the officer: Connolly v. Anderson, 112 Mass. 60. Failure of a jailer to have a proper commitment may make him liable for false imprisonment.

A release is a formal precept issued by some competent authority to the jailer in whose custody a prisoner has been committed and authorizing the release of that prisoner from imprisonment, or to the custody of an officer of the law.

The warrant, commitment, or mittimus as it is often referred to, and release are all part of the judicial process in each case. They are not to be confused with the physical act of arresting or transporting the prisoner to or from jail.

In contending that the constable may charge only the costs allowable on one warrant, commitment and release where there is a multiplicity of separate charges by separate informations and the physical act of taking into custody, the commitment and release occur only one time, exceptants rely on the wording of the statute establishing fees of constables, Act of July 20, 1917, P. L. 1158, sec. 1, 13 PS §61, as amended, of which the pertinent paragraphs are as follows:

"For executing a warrant on behalf of the Commonwealth, for each defendant, two dollars fifty cents.

"For conveying defendants, except vagrants, to jail, on mittimus or warrants, for each defendant, one dollar fifty cents, and in addition thereto for each mile going and returning, ten cents. . . .

"For executing discharge to jailer, two dollars fifty cents."

Exceptants argue that "for each defendant" means only one charge of costs on the writs above executed may be made regardless of the number of writs. In our opinion, the purpose of this phrase is to permit a fee to be paid "for each defendant" named in each writ. An explanation of this phrase as it applied to the Act of April 2, 1868, P. L. 3, where it was stated, and the Act of May 23, 1893, P. L. 117, where it was omitted, is given in McCallister v. Armstrong County, 9 Pa. Superior Ct. 423. In the Act of 1868 where the phrase was used, it was held the constable could charge for each defendant arrested under a warrant regardless of how many were named. The same interpretation applied to a commitment: Wilhelm v. Fayette County, 168 Pa. 462. However, in the Act of 1893 where the phrase was omitted, it was held the constable could charge for only one warrant regardless of the number of defendants named. The contrary was decided with regard to commitments because there the charge was for "taking body into custody" and a fee could be charged for each "body" in the execution of this writ. The Act of February 17, 1899, P. L. 3, and all subsequent acts regulating the fees of constables have included the phrase "for each defendant."

As we interpret the act relating to fees of constables now in effect, all its provisions refer to a single charge and therefore a constable is not prohibited from charging separate fees for executing writs on multiple charges against the same defendant. To otherwise interpret the act would cause confusion and uncertainty as to the legal fees of constables. If the warrant, commitment and release are necessary to the jurisdiction of the magistrate or court and part of the judicial process, as we hold they are, then a constable is entitled to a fee for his services on each writ executed.

It would be a monumental job to tax costs on multiple cases involving the same defendant if the fees were allowed on only one for the same service on all. The legislature certainly did not intend the absurd results which would occur in cases: (1) Where charges are filed before one magistrate and bail made before another; (2) where defendant is acquitted on one charge and convicted on others and the costs are placed on the prosecutor or the county; or (3) where the jury finds defendant guilty on several charges and not guilty on one charge or more, yet imposing the costs on the latter.

We believe it was the intent of the legislature that fees for the execution of writs, whether warrants, commitments or releases, must be determined on each case. The constable is an executive officer of the minor judiciary and if a writ issued by a magistrate is otherwise legal, he is required to execute it: Davison v. Franklin County, 18 Pa. C. C. 374; Shrope v. Northhampton County, 3 Lanc. 123. It does not seem likely that the law would require a constable to perform certain duties without payment of the prescribed fees. In fact, we seriously doubt that he could be required, in view of the statute, to execute a writ without fee.

The mounting costs of the administration of justice are of increasing concern to the public. It is our opinion these costs should be borne by those who are violating the law and not by a constable or the taxpayers. In effect, limiting the costs to one charge only, where multiple charges are involved against the same defendant, would reward him for committing a series of crimes. While we do not believe such an interpretation of the law would be a major factor in encouraging crime, it certainly would not be a deterrent. Since the costs of prosecution are one of the incidents of punishment, we do not intend to reward malefactors for their wrongs by eliminating these costs.

If costs are unlawful by reason of the duplication of writs, informations and indictments for a criminal offense or offenses committed at one and the same time, or growing out of one and the same transaction, then defendant has his remedy under the Act of March 10, 1905, P. L. 35, secs. 1, 2, 19 PS §§1293, 1294. This is not the case here where each of the crimes was a separate transaction or occurrence.

We therefore make the following

### Order

Now, September 11, 1959, after hearing and consideration of briefs, it is hereby ordered and directed that the exceptions of Richard Felton and Joseph and Delores Zurenda be and hereby are dismissed.

Further, the said exceptants are ordered to make payment of all unpaid costs taxed against them on the charges to which they have pleaded guilty and sentence has been imposed.