**Robert C. JUBELIRER, Senator and President pro tempore of the Senate of the Commonwealth of Pennsylvania, and John M. Perzel, Representative and Speaker of the House of Representatives of the Commonwealth of Pennsylvania, Petitioners**

v.

**PENNSYLVANIA DEPARTMENT OF STATE, Pedro A. Cortes, Secretary of the Commonwealth and Monna Accurti, Commissioner of the Bureau of Commissions, Legislation and Elections, Respondents.**

Commonwealth Court of Pennsylvania.

Argued Sept. 8, 2004.

Decided Oct. 7, 2004.

Linda J. Shorey, Harrisburg, for petitioner.

Gregory E. Dunlap, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, McGINLEY, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge, and LEADBETTER, Judge.

OPINION BY Judge FRIEDMAN.

The Pennsylvania Department of State, Pedro A. Cortes, Secretary of the Commonwealth, and Monna Accurti, Commissioner of the Bureau of Commissions, Legislation and Elections, (collectively, the Department) have filed an application for summary relief in connection with the petition for review (Petition) filed by Robert C. Jubelirer (Senator Jubelirer), Senator and President pro tempore of the Senate of the Commonwealth of Pennsylvania (Senate), and John M. Perzel (Speaker Perzel), Representative and Speaker of the House of Representatives of the Commonwealth of Pennsylvania (House). Senator Jubelirer and Speaker Perzel also seek summary relief. We grant the Department's request for summary relief and deny the request of Senator Jubelirer and Speaker Perzel.

The pleadings set forth the following undisputed facts. Speaker Perzel signed HB 1222 on December 18, 2003, and Senator Jubelirer signed HB 1222 on December 19, 2003, thereby certifying final passage of the bill by each chamber of the General Assembly. HB 1222 was presented to the Governor on December 22, 2003. On December 23, 2003, the House and Senate adjourned until January 6, 2004. (Petition, ¶¶ 30–31, 35–38; Answer, ¶¶ 30–31, 35–38.)

On December 31, 2003, the Governor signed a veto for HB 1222. That same day, the Governor's office attempted to return HB 1222 with a veto notice to the offices of the House but found the offices closed. The Governor's office then faxed the Governor's objections to HB 1222 to the offices of Senator Jubelirer and Speaker Perzel and, at 5:58 p.m., filed the bill and objections with the Department of State. The Department of State assigned Veto No.2003–2 to HB 1222, and, on Saturday, January 17, 2004, the Governor published a veto notice in the Pennsylvania Bulletin. (Petition, ¶ 40, 42–44, 47, 53–54; Answer, ¶ 40, 42–44, 47, 53–54; New Matter ¶¶ 74–75, 78; Answer to New Matter, ¶¶ 74–75, 78.)

In their Petition, Senator Jubelirer and Speaker Perzel allege that the Governor's veto was invalid under Article IV, Section 15 of the Pennsylvania Constitution. Thus, they seek: (1) a declaratory judgment stating that HB 1222 is a law; and (2) a writ of mandamus ordering the Department to record HB 1222 as a law, assign it an act number and send verification to the Director of the Legislative Reference Bureau. (Petition at 14.) In their application for summary relief, the Department alleges that the Governor properly vetoed HB 1222 under Article IV, Section 15 of the Pennsylvania Constitution, and,

thus, this court should grant summary relief by dismissing the Petition with prejudice. (Application at 3–4.) In response, Senator Jubelirer and Speaker Perzel ask this court to grant them summary relief. (Answer to Application at 6–7.)

The question before us is whether the Governor's December 31, 2003, veto of HB 1222 was effective under Article IV, Section 15 of the Pennsylvania Constitution.

Article IV, Section 15 of the Pennsylvania Constitution provides, in pertinent part, as follows:

Every bill which shall have passed both Houses shall be presented to the Governor; if he approves he shall sign it, but if he shall not approve he shall return it with his objections to the House in which it shall have originated, which House shall enter the objections at large upon their journal, and proceed to reconsider it.... If any bill shall not be returned by the Governor within ten days after it shall have been presented to him, the same shall be a law in like manner as if he had signed it, *unless the General Assembly, by their adjournment, prevent its return,* in which case it shall be a law, unless he shall file the same, with his objections, in the office of the Secretary of the Commonwealth, and give notice thereof by public proclamation within thirty days after such adjournment.

Pa. Const., art. IV, § 15 (emphasis added).

 In a case which calls upon this court to construe a provision of the Pennsylvania Constitution, "the fundamental rule of construction which guides us is that the Constitution's language controls and must be interpreted in its popular sense, as understood by the people when they voted on its adoption." *Ieropoli v. AC & S Corporation,* 577 Pa. 138, 148, 842 A.2d 919, 925 (2004). Moreover, the general principles governing the construction of statutes apply also to the interpretation of constitutions. *Commonwealth v. McNeil,* 808 A.2d 950 (Pa.Super.2002) (citing *Perry County Telephone & Telegraph Co. v. Public Service Commission,* 265 Pa. 274, 108 A. 659 (1919)). Thus, when the language of a constitutional provision "is clear upon its face, and when standing alone it is fairly susceptible of but one construction, that construction must be given it." *Commonwealth v. Woodward,* 95 Pa.Super. 423, 428 (1928).

Construing the language of Article IV, Section 15 in its popular sense, we find the language to be clear and unambiguous. If the Governor disapproves a bill passed by the General Assembly, the Governor has ten days to return the bill to the originating chamber with his objections. However, if the General Assembly has adjourned and the adjournment prevents the Governor from returning the bill within ten days, then the Governor may effectuate a veto by filing the bill and objections with the office of the Secretary of the Commonwealth and by giving public notice within thirty days of the adjournment.

 Here, HB 1222 was presented to the Governor on December 22, 2003. The next day, both chambers of the General Assembly adjourned until January 6, 2004. On December 31, 2003, the Governor attempted to effectuate a veto by returning HB 1222 to the House. However, the offices of the House were closed. As a result, at 5:58 p.m. on December 31, 2003, nine days after presentment, the Governor filed HB 1222 and objections with the Secretary of the Commonwealth.[1] On Janu-

---

1. The Secretary of the Commonwealth is the head of the Department of State and is duly authorized to exercise the powers and perform the duties vested in and imposed upon

ary 17, 2004, twenty-five days after the General Assembly's adjournment, the Governor gave public notice of his veto in the Pennsylvania Bulletin. Based on the clear and unambiguous language of Article IV, Section 15, we conclude that the Governor properly vetoed HB 1222.[2]

Accordingly, we grant the Department's application for summary relief and dismiss the Petition. We also deny the request for summary relief filed by Senator Jubelirer and Speaker Perzel.

Judge COHN–JUBELIRER and Judge LEAVITT did not participate in the decision in this case.

### ORDER

AND NOW, this 7th day of October, 2004, the application for summary relief filed by the Pennsylvania Department of State, Pedro A. Cortes, Secretary of the Commonwealth, and Monna Accurti, Commissioner of the Bureau of Commissions, Legislation and Elections, is **granted**. The request for summary relief filed by Robert C. Jubelirer, Senator and Presi-

dent pro tempore of the Senate of the Commonwealth of Pennsylvania, and John M. Perzel, Representative and Speaker of the House of Representatives of the Commonwealth of Pennsylvania, is **denied**.

the Department of State. Section 206 of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. § 66.

**2.** We reject the argument that the word "adjourn" in Article IV, Section 15 is ambiguous and susceptible of more than one reasonable meaning. (*See* Petitioners' brief at 26.) Senator Jubelirer and Speaker Perzel argue that the word "adjourn" in Article IV, Section 15 could reasonably refer only to an adjournment *sine die,* which is final adjournment by both chambers of the General Assembly without stating a date of return. However, we cannot conclude that the popular sense of the unmodified word "adjourn" in Article IV, Section 15 is a special type of adjournment known by the Latin designation *sine die.* Indeed, the framers knew the distinction between an ordinary adjournment and an adjournment *sine die* and used the Latin designation when they meant a final adjournment. *See* Pa. Const., art. IV, § 8(b) (relating to nominations for vacancies

made by the Governor after an adjournment *sine die* ).

Moreover, if we were to accept such an interpretation as reasonable, then the General Assembly could prevent the Governor's veto, and thereby subvert the checks and balances of the Pennsylvania Constitution, by passing a bill, presenting it to the Governor and adjourning for a period longer than ten days. Although Senator Jubelirer and Speaker Perzel assure this court that, under such circumstances, the General Assembly would accommodate the Governor's return of a bill, future General Assemblies may not be as accommodating to the Governor. We cannot interpret the Pennsylvania Constitution based on an assumption that the manners and customs of today's General Assembly will continue into the future; we must interpret the Pennsylvania Constitution to ensure that its checks and balances will continue into the future.